UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH WELDON SMITH, ) | |
| ) | |
| Petitioner, ) | 2:07-CV-00318-JCM-RJJ |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

On September 21, 2007, petitioner's counsel, Assistant Federal Public Defenders Gary Taylor and Gerald Biebaum (FPD), filed motions for leave to file under seal motions (and supporting exhibits) seeking a stay and other relief under *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). Docket ## 15,17,19,21. Citing the attorney-client privilege and the work product doctrine as justification for filing under seal, the FPD submitted the *Rohan*-based motions and supporting exhibits for the court's *in camera* review. Docket ## 16,18,20,22-31. In addition to a motion for a stay, the FPD also submitted motions for a long-term psychiatric evaluation and for equitable tolling of the statute of limitations.

Unlike the more typical request where a party asks that documents be sealed from the public, petitioner's counsel also sought to conceal their *Rohan* motions and supporting exhibits from the respondents and their counsel. Concerned about the fairness of adjudicating the *Rohan* issues

and potentially granting relief without providing the opposing party an opportunity to respond, this court scheduled a status conference to discuss with counsel for all parties "the manner in which the FPD's *Rohan* motions are to be litigated in light of the FPD's invocation of the attorney-client privilege and work-product doctrine." Docket #33.

Shortly thereafter, citing what they viewed as the court's reluctance "to accept the previously-filed motions under seal," the FPD then filed a motion to withdraw the *Rohan* motions and supporting exhibits (i.e., the submissions the FPD sought to file under seal at docket ## 16,18,20,22-31).  Docket #38.  On October 9, 2007, the FPD timely filed Smith's amended petition for writ of habeas corpus.  Docket #40.  On October 18, 2007, the court granted the FPD's motion to vacate the status conference.  Docket #42.

Good cause appearing and with no opposition from the respondents, the court shall grant the FPD's motion to withdraw the motions and exhibits submitted under seal.  With the FPD's *Rohan* motions withdrawn, the court shall deny as moot the FPD's motions to seal.  The court notes in passing that, prior to the withdrawal of the *Rohan* motions, the court was inclined to grant counsel's motions to seal to the extent that counsel sought to deny access to the documents from *the public*.  *See Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 11 (1st Cir. 1998); *but cf. Ashworth v. Bagley*, 351 F.Supp.2d 786, 788-89 (S.D.Ohio 2005).  As noted above, the more problematic aspect of the motions to seal was that counsel was asking that the respondents also be denied access to the documents.

It is self-evident that granting a stay and related relief based on an *ex parte* proceeding would be fundamentally unfair to the respondents in that it would allow Smith to indefinitely delay the resolution of his habeas case based only on his counsel's selectively-chosen and unchallenged evidence.  Accordingly, it was the court's intent to implement, if possible, a procedure by which the *Rohan* issues could be litigated in a manner that was fair to both parties, while at the same time limiting the disclosure and use of privileged information.  *See Bittaker v. Woodford*, 331 F.3d 715,

2

1  720-21 (9th Cir. 2003) (discussing the court's imposition of an implied waiver as a means to ensure
2  fairness in instances where the holder of a privilege asserts a claim or defense that implicates
3  privileged information).  Now that the Smith's counsel have withdrawn their motions for *Rohan*
4  relief and supporting exhibits, the imposition of an implied waiver is no longer necessary and the
5  material submitted under seal shall remain sealed for all purposes related to the adjudication of
6  petitioner's application for habeas relief.

7  **IT IS THEREFORE ORDERED** that petitioner's motion to withdraw motions and
8  exhibits submitted under seal (docket #38) is GRANTED.  The documents submitted under seal at
9  docket ## 16,18,20,22-31 shall remain SEALED for all purposes related to these proceedings and
10 shall not be disclosed to any person or entity (including any party to this action) without an order from
11 this court.

12 **IT IS FURTHER ORDERED** that petitioner's motions to file under seal (docket ##
13 15,17,19, 21) are DENIED as moot.

14 **IT IS FURTHER ORDERED** the petitioner's *pro se* motion for appointment of
15 conflict counsel (docket #39) is DENIED as moot.

16  DATED:   October 25, 2007.

_____
UNITED STATES DISTRICT JUDGE