# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH WELDON SMITH, )<br>         )<br>         Petitioner, )<br>         )<br>vs. )<br>         )<br>E.K. McDANIEL, *et al.*, )<br>         )<br>         Respondents. )<br>_____/ | 2:07-CV-00318-JCM-CWH<br><br>**ORDER** |

On August 12, 2011, Mario D. Valencia, filed a motion to withdraw as petitioner's counsel in this case. Valencia cites Rule 1.16(a)(1),1 (b)(1), (b)(6), (b)(7), of the Nevada Rules of Professional Conduct as the grounds for his motion. In essence, Valencia asserts that his lack of resources as a solo practitioner combined with an overwhelming workload renders him unable to provide the petitioner with competent representation in this matter. In addition, Valencia states that petitioner Smith has represented to him that, because the conflict over whether to return to state court has now been resolved, he (Smith) no longer has an issue or conflict with former counsel, the federal public defender's office.

"Congress' provision of a right to counsel under [18 U.S.C. § 3599] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and ... the unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (internal quotations and citation omitted). This "right

to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id*. at 858.  Having considered the reasons Valencia cites for seeking withdrawal, the court is satisfied that his circumstances prevent him from providing the quality of legal representation contemplated by 18 U.S.C. § 3599.  As such, he shall be permitted to withdraw as petitioner's counsel.

Though Valencia suggests that the conflict between Smith and the FPD has been resolved, this court is reluctant to appoint the FPD without being assured that such is the case.  Therefore, the FPD shall be appointed on a provisional basis to allow counsel to meet with Smith to discuss ongoing representation.  The FPD shall thereafter report to the court whether the FPD is willing to undertake representation in this case.

**IT IS THEREFORE ORDERED** that counsel Valencia's motion to withdraw (docket #127)) is GRANTED.

**IT IS FURTHER ORDERED** that the federal public defender (FPD) is appointed as provisional counsel for the petitioner in this case.  A representative from the FPD's office shall make every effort to meet with the petitioner within thirty (30) days of the date of this order and thereafter report to the court as to whether the FPD is willing to undertake representation in this case.

**IT IS FURTHER ORDERED** that the deadline for petitioner's response to respondents' motion to dismiss (docket #118) is suspended to allow for substitution of counsel.

**IT IS FURTHER ORDERED** that the Clerk of this court shall electronically SERVE a copy of this order on the FPD and Assistant Federal Public Defender Michael Pescetta.

DATED:  September 6, 2011.

_____
UNITED STATES DISTRICT JUDGE